IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEROY JACKSON, #209 345 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-856-T (WO) |
| JOHN E. NAGLE, *et al.*, | * |
| Respondents. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on Petitioner's application for habeas relief filed under 28 U.S.C. § 2241.[1] Petitioner challenges the validity of a prison disciplinary infraction he received for violating Rule #91, "Conspiracy to Commit a Violation of Departmental or Institutional Rules." He seeks expungement of the disciplinary and restoration of good time credits.

Pursuant to this court's order, Respondents filed an answer wherein they maintain that the instant petition is due to be denied because Petitioner is not entitled to any relief on the claims presented therein. Petitioner was afforded an opportunity to respond to the answer and has done so. Upon consideration of the pleadings filed herein, the court concludes that the petition is due to be denied and dismissed, no hearing being necessary. *See generally* Rule

---

[1] On motion of Petitioner, the court entered an order construing the instant action as one filed under 28 U.S.C. § 2254. Upon further review of the record, it appears, however, that the action is more appropriately construed as a petition filed under 28 U.S.C. § 2241.

8, *Rules Governing Section 2254 Cases in the United States District Courts.*

## I. FACTS

On January 30, 2003 Sgt. Charles Bromley served Petitioner with notice of a disciplinary for violating Rule #91, conspiracy to commit a violation of departmental or institutional rules from regulation #403.[2] The disciplinary charged that "[o]n January 30, 2003 at approximately 11:25 a.m., Sgt. Charles Bromley contacted Cingular Telephone Service and checked the phone records from a cellular phone taken from the Co. Van you were being transported in at work. The cell phone records indicate all the phone numbers on your prison phone list were called on the cellular phone. You are not authorized to have a cellular phone or to use a cellular phone while at your job. Your actions constitute a violation of rule #91." (Doc. No. 1, Exhibit 1A.)

Based on the evidence presented at the disciplinary hearing held on this charge, the hearing officer found Petitioner guilty of violating Rule #91. The hearing officer based his finding of guilt on the testimony of the arresting officer. The sanctions imposed upon Petitioner for this disciplinary infraction included loss of any and all good time due to the infraction constituting his third disciplinary within 90 days, 60 days loss of visitation, pass/leave, phone, store, and TV/Radio/Movie privileges, and referral to classification for custody review. (Doc. No. 1, Exh. A.)

---

[2] Rule #91 is defined as "[a] combination or confederacy between two or more inmates **or** one or more inmates and one or more free world persons for the purpose of violating some departmental or institutional rule, even though the act is not consumated or carried out. (Doc. No. 10, Exh. 5. Pg. 16.)

## II. DISCUSSION

*A. The Due Process Claim*

Petitioner complains that he was denied due process during the disciplinary proceedings arising from the January 30, 2003 disciplinary infraction. In the context of a prison disciplinary proceeding, the United States Supreme Court has held that the Due Process Clause of the Constitution requires at least three procedural protections. ***Wolff v. McDonnell***, 418 U.S. 539 (1974).

Under ***Wolff,*** a prisoner is entitled to receive (1) advance, written notice of the charges against him, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Id*. at 563-567. Furthermore, at a prison disciplinary hearing, the requirements of due process are satisfied if "some evidence" supports the decision of the disciplinary hearing officer. ***Superintendent v. Hill,*** 472 U.S. 445, 455 (1985). It is not the function of this court to assume the task of retrying prison disciplinary disputes and no *de novo* review of a hearing officer's factual findings is required when the decision is supported by some evidence. ***Smith v. Rabalais***, 659 F.2d 539, 545 (5th Cir. 1981).

In support of his challenge to the disciplinary lodged against him for violating Rule #91, Petitioner maintains that, by definition, the rule requires that there be two or more inmates

3

involved in the conspiracy. Petitioner asserts that he was the only inmate written up for violating Rule #91 but argues that he cannot conspire with himself.  He, therefore, maintains that the evidence presented at the disciplinary was insufficient to support the finding of guilt. Petitioner's claim is devoid of constitutional merit.

The disciplinary record for Petitioner's violation of Rule #91 reflects that the hearing officer heard the testimony of the arresting officer, Sgt. Bromley, as well as Petitioner and his inmate witnesses.  Sgt. Bromley offered the following testimony at the hearing:

> On 1-30-03 at approximately 11:25 a.m., Sgt. Charles Bromely contacted Cingular Telephone Service and checked the phone records from a cellular phone taken from the Co. Van you were being transported in at work.  The cell phone records indicate all the phone numbers on your prison phone list were called on the cellular phone.  You are not authorized to have a cellular phone or to use a cellular phone while at your job.  Your actions constitute a violation of rule #91.
>
> On January 29, 2003 at approximately 8:30 A.M. Sgt. Charles Bromley received information that inmate LeRoy Jackson had a cellular telephone on the van he was riding while working on the Elmore County Highway squad.  Sgt. Bromley reported the incident to Captain Matthews who had two officers sent to check the van.  During the check, two cellular telephones were confiscated.  On January 30, 2003, Sgt. Bromely contacted Cingular Cellular Telephone Service, the company prov[id]ing the Telephone service, to check and see who had the Telephones activated.  No information could be obtained as to who activated the telephones.  Sgt. Bromley asked the Customer Service Representative about several numbers that may have been called.  All the numbers asked about are on inmate Jackson's prison telephone list.  Each number questioned had been called on the cellular telephone.  Inmate Jackson was issued a disciplinary on the information received from the Cingular Telephone Service.

(Doc. No. 10, Exhs. 2, 3.)

Petitioner submitted a written statement to the hearing officer in which he claimed that he had not used nor been seen with a cellular phone while assigned to the Elmore County Highway Squad. He stated that Sgt. Bromley charged him with violating Rule #91 based solely on the words of a "not-so-confidential" informant. Petitioner further asserted that the phone was not found in his possession, it was not found close to his seat on the van, and that Sgt Bromley could not prove that Petitioner ever used the phone.

Petitioner called three of his fellow inmates as witnesses. All of them stated that they did not know anything about the incident. In response to written questions submitted by Petitioner to the inmate witnesses, they indicated that they had not seen him with a cell phone and had no knowledge of Petitioner's conspiring to violate institutional rules or regulations. (Doc. No. 10, Exhs. 2, 3.)   Based on the testimony of the witnesses at the disciplinary hearing, the hearing officer found Petitioner guilty of violating Rule #91. In so doing, the hearing officer made the following finding of fact:

> The hearing officer finds that on 1-30-03, that Sgt. Bromley contacted Cingular Telephone Service and Inmate Jackson's numbers did appear on the phone records.

The hearing officer noted that the basis for his findings was "based on the arresting officer's sworn statement . . ." (Doc. No. 10, Exhs. 2, 3.)

A review of the disciplinary report reveals that all of the requirements of *Wolff*

5

were satisfied. Petitioner received advanced, written notice of the charge against him, was given the opportunity to call witnesses and present documentary evidence in his own behalf, and was provided a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Nothing more is required by the Constitution. It is, therefore, clear that the Petitioner was accorded due process in the disciplinary proceeding.

### B.  *The Sufficiency of the Evidence Claim*

Petitioner's claim that the evidence was insufficient to support the hearing officer's finding of guilt likewise entitles him to no relief. Under well-settled law, a prison disciplinary will not be overturned if "some evidence" supports the decision by the hearing officer. **Superintendent**, 472 U.S. at 455; *see also* **Smith**, 659 F.2d at 545. Under this standard, while a *de novo* review of a disciplinary officer's factual finding is not required, the court has a duty to consider whether the decision is, at the least, supported by some facts. *Id.*

The court finds from the documents and records before it that the testimony of Sgt. Bromley and Petitioner constituted "some evidence" on which the hearing officer could base his finding of guilt. Petitioner is, therefore, not entitled to relief on his sufficiency of the evidence claim. Accordingly, the court concludes that petition for habeas corpus relief is due to be denied and this case be dismissed with prejudice.

### III. CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Petitioner's application for habeas corpus relief be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **16 September 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of September, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE